UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JULIE MAURY                                                                 CV

                                    Plaintiff,

          -against-                                                         **COMPLAINT**

UPRIGHT CITIZENS BRIGADE LLC                                **JURY TRIAL REQUESTED**

                                    Defendant.
---------------------------------------------------------------x

<u>**COMPLAINT**</u>

        Plaintiff Julie Maury (hereafter referred to as "plaintiff"), by counsel, Parker

Hanski LLC, as and for the Complaint in this action against defendant Upright Citizens

Brigade LLC (also referred to as "defendant"), hereby alleges as follows:

<u>**NATURE OF THE CLAIMS**</u>

        1.         This lawsuit opposes pervasive, ongoing and inexcusable disability

discrimination by the defendant.  In this action, plaintiff seeks declaratory, injunctive and

equitable relief, as well as monetary damages and attorney's fees, costs and expenses to

redress defendant's unlawful disability discrimination against plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and

its implementing regulations, the New York State Executive Law (the "Executive Law"),

§ 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City

New York (the "Administrative Code"), § 8-107.  Plaintiff also alleges claims for

Negligence.  As explained more fully below, defendant owns, leases, leases to, operates

and controls a place of public accommodation that violates the above-mentioned laws.

Defendant is vicariously liable for the acts and omissions of its employees and agents for the conduct alleged herein.

2.      Defendant Upright Citizens Brigade LLC is a theater venue offering improv, sketch, and stand-up comedy.

3.      From 2003 until December 2017, the Upright Citizens Brigade LLC was located in the basement level of 307 West 26th Street, which building had no elevator and patrons had to go down a flight of stairs from the sidewalk level in order to get to the performance space.

4.      Plaintiff enjoys live comedy performances and desired to see performances at Upright Citizens Brigade LLC.  But, because plaintiff utilizes a wheelchair, she could not travel down the stairs to see any performances at 307 West 26th Street.

5.      Plaintiff and the New York City Commission on Human Rights notified defendant Upright Citizens Brigade LLC that they were not accessible and requested for them to create a wheelchair accessible means of travel to their venue.

6.      Instead of remediating 307 West 26th Street, defendant move their venue to 555 West 42nd Street in December 2017.  At the time, newspaper articles reported that "the move was made in part to comply with the Americans With Disabilities Act." See https://www.nytimes.com/2017/10/19/arts/upright-citizens-brigade-theater-moving.html

7.      Plaintiff went to the new performance space in 2018 only to encounter a venue riddled with violations of the ADA.

8.      As will be explained in more detail below, the sales and service counter is too high for wheelchair user to conduct a transaction; wheelchair users do not enter the

2

theater with the general public but rather must use a side entrance; and, to make matters worse, the theater has no wheelchair accessible spaces to watch a show.

9.      Plaintiff had to watch the show in a location where her knees were pushed up against the front row wall and with other patrons constantly bumping in to her wheelchair due to insufficient spacing.  Accordingly, plaintiff brings this action.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

11.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendant's acts of discrimination alleged herein occurred in this district and defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

12.      At all times relevant to this action, plaintiff Julie Maury has been and remains currently a resident of the State and City of New York.

13.      At all times relevant to this action, plaintiff Julie Maury has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

14.      Defendant lease the venue property located at 555 West 42nd Street, New York in New York County, New York (hereinafter referred to as "555 West 42nd Street, New York").

3

15.     Defendant is licensed to and does business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.     Defendant is a public accommodation as it owns, leases, controls or operates a place of public accommodation, the Upright Citizens Brigade premises located at 555 West 42nd Street, New York, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

17.     The Upright Citizens Brigade premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

18.     Numerous architectural barriers exist at defendant's place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

19.     At some time after January 1992, alterations were made to 555 West 42nd Street, New York, including areas adjacent and/or attached to 555 West 42nd Street, New York.

20.     At some time after January 1992, alterations were made to the Upright Citizens Brigade premises, and to areas of 555 West 42nd Street, New York related to the Upright Citizens Brigade premises.

21.     At some time after January 1992, alterations were performed to the primary function areas of the Upright Citizens Brigade premises and 555 West 42nd Street, New York that relate to the Upright Citizens Brigade premises.

22.     Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendant constructed and/or made alterations to the Upright Citizens Brigade premises, and to areas of 555 West 42nd Street, New York related to the Upright Citizens Brigade premises.

23.     Within the past three years of filing this action, plaintiff attempted to and desired to access the Upright Citizens Brigade venue.

24.     The services, features, elements and spaces of defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

25.     The services, features, elements and spaces of defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 *et. seq.*

26.     Because of defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendant's place of public accommodation.

27.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the

Administrative Code, the Building Code of the City of New York ("BCCNY"), or the

2014 New York City Construction Code ("2014 NYC").

28.     Barriers to access that plaintiff encountered and/or which deter plaintiff

from patronizing the defendant's place of public accommodation as well as barriers that

exist include, but are not limited to, the following:

I.      The main sales and service counter is more than 36 inches above
        the finish floor. Furthermore, the counter is less than 36 inches in
        length due to brochures.
        *Defendants fail to provide an accessible portion of counter that is
        no greater than 36 inches above the finish floor and no less than
        36 inches in length (and extends the same depth as the general
        sales and/or service counter) at accessible sales and/or service
        counters. See 1991 ADA 7.2(1), 2010 ADA 904.4, and 2014 NYC
        904.3.*

II.     The "bar" sales and service counter is more than 36 inches above
        the finish floor. Furthermore, the counter is less than 36 inches in
        length due to merchandise.
        *Defendants fail to provide an accessible portion of counter that is
        no greater than 36 inches above the finish floor and no less than
        36 inches in length (and extends the same depth as the general
        sales and/or service counter) at accessible sales and/or service
        counters. See 1991 ADA 7.2(1), 2010 ADA 904.4, and 2014 NYC
        904.3.*

**Circulation Routes**

III.    There is no accessible route to the theater.
        *Defendants fail to provide at least one accessible route that
        connects accessible building or facility entrances with all
        accessible spaces and elements within the building or facility. See
        1991 ADA 4.1.3(1)(a), 2010 ADA 206.2.4, 1968 NYC 27-292.5(c),
        2008 NYC 1104.3 and 2014 NYC 1104.3.*

IV.     There are steps to the theater just past the single leaf doorway at
        the back of the theater.
        *Defendants fail to ensure that accessible routes with changes in
        level greater than 1/2-inch high are ramped. See 1991 ADA 4.3.8,
        2010 ADA 303.4, 2008 NYC 303.4 and 2014 NYC 303.4.*

*Defendants fail to ensure that accessible routes with changes in level greater than 1 inch are accomplished by means of an accessible ramp. See 1968 NYC 4.5.2.*

V.      The line at the double leaf doorway at the front of the theater is less than 36 inches wide between the stanchions.
        *Defendants fail to provide an accessible route of at least 36 inches. See 1991 ADA 4.3.3, 2010 ADA 403.5.1, and 2014 NYC 403.5.*

VI.     The line at the double leaf doorway at the front of the theater lacks the required maneuvering around the stanchions to make a 180-degree turn.
        *Defendants fail to provide the minimum required maneuvering clearances from which to make a 180-degree turn around an element along the accessible route. See 1991 ADA 4.3.3, 2010 ADA 403.5.2, and 2014 NYC 403.5.1.*

**<u>Theater</u>**

VII.    There are no accessible wheelchair seats, companion seats, or designated aisle seats in the theater,
        *Defendants fail to provide accessible wheelchair spaces, companion seats and/or designated aisle seats within accessible theaters. See 1991 ADA 4.33, and 2010 ADA 221.1, and 2014 NYC 1108.2.*

**<u>Toilet Rooms</u>**

VIII.   The door to the toilet room lacks sufficient pull side maneuvering clearances for a forward approach due to a trash receptacle.
        *Defendants fail to provide level [slopes not steeper than 1:48 (2%)] floor or ground surfaces within required maneuvering clearances at accessible doors. Changes in level are not permitted within required maneuvering clearances at accessible doors. 60 inches perpendicular to the doorway for 18 inches parallel to the doorway beyond the latch is required for a forward approach to the pull side of accessible door. See 1991 ADA 4.13.6, 2010 ADA 404.2.4, and 2014 NYC 404.2.3.*

IX.     The door to the toilet room has a threshold that is more than ½ inch vertical.
        *Defendants fail to provide a threshold that is less than ¼ inch vertical and ½ inch beveled with a slope more than 2:1. See 1991 ADA 4.13.8, 2010 ADA 404.2.5, and 2014 NYC 404.2.*

X.   The water closet in the large toilet compartment lacks compliant grab bars. There is no vertical side wall grab bar.
*Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.*

XI.   The lavatory has unprotected hot water and drain pipes.
*Defendants fail to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 Standards 4.19.4, 2010 Standards 606.5, and 2014 NYC 606.6.*

XII.   The mirror (the bottom edge of the reflecting surface) above the lavatory is more than 40 inches above the finish floor.
*Defendants fail to ensure that accessible mirrors located above lavatories or countertops are installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor. See 1991 ADA 4.19.2, 2010 ADA 603.3, and 2014 NYC 603.3.*

29.   Upon information and belief, a full inspection of the defendant's place of public accommodation will reveal the existence of other barriers to access.

30.   As required by the ADA (remedial civil rights legislation) to properly remedy defendant's discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendant's public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

31.   Defendant has endangered plaintiff's safety and denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

32.   Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws.

Nor have defendant made or provided reasonable accommodations or modifications to persons with disabilities.

33.     Plaintiff has a realistic, credible and continuing threat of discrimination from the defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendant's place of public accommodation continue to exist and deter plaintiff.

34.     Plaintiff frequently travels to the area where defendant's place of public accommodation is located.

35.     Plaintiff intends to patronize the defendant's place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC.

36.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendant's place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC.

37.     Plaintiff intends to patronize the defendant's place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendant's place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC – all for the benefit of those similarly situated to plaintiff.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

38.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

39.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

40.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

41.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

42.     Defendant has and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use its place of public accommodation all because plaintiff is disabled.  Defendant's policies and practices have disparately impacted plaintiff as well.

43.     By failing to comply with the law in effect for decades, defendant have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

44.     Defendant has discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991

10

Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

45.    Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

46.    Upon making alterations to its public accommodation, defendant failed to make its place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

47.    Upon making these alterations to the primary function areas, defendant failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

48.    28 C.F.R. § 36.406(5) requires defendant to make the facilities and elements of its noncomplying public accommodation accessible in accordance with the 2010 Standards.

49.    Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendant's place of public accommodation fully accessible.

50.    By failing to remove the barriers to access where it is readily achievable to do so, defendant have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

11

51.     In the alternative, defendant have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

52.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

53.     Defendant has and continues to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

**<u>SECOND CAUSE OF ACTION</u>**
**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

54.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

55.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

56.     Defendant's has and continues to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use its place of public accommodation all because plaintiff is disabled.

57.     Defendant discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Defendant has aided and abetted others in committing disability discrimination.

58.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

59.     In the alternative, defendant have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

60.     It would be readily achievable to make defendant's place of public accommodation fully accessible.

61.     It would not impose an undue hardship or undue burden on defendant to make its place of public accommodation fully accessible.

62.     As a direct and proximate result of defendant's unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

63.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

64.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

65.     Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

66.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

67.     Defendant has and continues to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4).  Each of the defendant have aided and abetted others in committing disability discrimination.

68.     Defendant has discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

69.     Defendant has subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

14

70.    In violation of Administrative Code § 8-107(6), defendant have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendant's attempts to, and in its acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

71.    Defendant discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

72.    As a direct and proximate result of defendant's unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

73.    Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

74.    By failing to comply with the law in effect for decades, defendant have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

75.    Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

76.     By refusing to make its place of public accommodation accessible, defendant have unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

77.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

78.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

79.     Defendant discriminated against plaintiff pursuant to New York State Executive Law.

80.     Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every barrier and violation.

81.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**FIFTH CAUSE OF ACTION**
**(COMMON LAW NEGLIGENCE)**

82.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

83.     Defendant negligently designed, constructed, operated, repaired and maintained its place of public accommodation located at 555 West 42nd Street, New

York in a manner that has rendered its place of public accommodation unsafe to the disabled plaintiff.

84.      At all relevant times, defendant, who hold its property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair, and maintain its place of public accommodation located at 555 West 42nd Street, New York in a reasonably safe condition, including a duty to comply with the Administrative Code.

85.      Defendant breached its duty by negligently designing, constructing, operating, repairing and maintaining its place of public accommodation located at 555 West 42nd Street, New York in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

86.      Defendant's failure to design, construct, operate, repair and maintain its place of public accommodation located at 555 West 42nd Street, New York in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

87.      Defendant has had actual and constructive notice that its place of public accommodation located at 555 West 42nd Street, New York is not safe to the disabled.

88.      As a direct result of defendant's negligence, plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

89.      Plaintiff will continue to experience unlawful discrimination as a result of defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendant to alter and modify its place of public accommodation and its operations, policies, practices and procedures.

90.     Injunctive relief is also necessary to make defendant's facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

91.     Injunctive relief is further necessary to order defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

92.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendant against plaintiff and as to required alterations and modifications to defendant's place of public accommodation, facilities, goods and services, and to defendant's policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

93.     In order to enforce plaintiff's rights against the defendant, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendant, jointly and severally, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that defendant has violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring

the rights of plaintiff as to defendant's place of public accommodation, and defendant's policies, practices and procedures;

B.   Issue a permanent injunction ordering **defendant to close and cease all business** until defendant removes all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the defendant until the Court is satisfied that the defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award plaintiff compensatory damages as a result of defendant's violations of New York State Executive Law and the Administrative Code of the City of New York;

E.   Award plaintiff punitive damages in order to punish and deter the defendant for its violations of the Administrative Code of the City of New York;

F.   Award plaintiff the monetary penalty for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

H.   Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA and Administrative Code; and

I.   For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 21, 2018
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:\_\_\_\_/s_____
      Glen H. Parker, Esq.
      Adam S. Hanski, Esq.
      Robert G. Hanski, Esq.
      Attorneys for Plaintiff
      40 Worth Street, 10th Floor
      New York, New York 10013
      Telephone: (212) 248-7400
      Facsimile: (212) 248-5600
      Email:ash@parkerhanski.com
      Email:ghp@parkerhanski.com
      Email:rgh@parkerhanski.com